99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert MAURO, Petitioner-Appellant,
v.
Hans WALKER, Superintendent, Auburn Correctional Facility,
Respondent-Appellee.
 No. 95-2181.
 United States Court of Appeals, Second Circuit.
 Dec. 26, 1995.
 
 1
 Appearing for Appellant: Randall D. Unger, Kew Gardens, N.Y.
 
 
 2
 Appearing for Appellee: Glenn Green, Assistant District Attorney, Riverhead, N.Y.
 
 
 3
 E.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by counsel.
 
 
 6
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 7
 Petitioner Robert Mauro, a New York prisoner convicted of felony murder following his plea of guilty in state court, appeals from a judgment of the United States District Court for the Eastern District of New York, Leonard D. Wexler, Judge, dismissing his petition for a writ of habeas corpus on the ground that his plea of guilty was coerced by the state court. He pursues this contention on appeal, pointing principally to statements by the state-court judge that the judge had previously imposed longer sentences on other defendants.
 
 
 8
 Finding no merit in Mauro's arguments, we affirm substantially for the reasons stated in Judge Wexler's Memorandum and Order dated February 23, 1995. See also United States ex rel. McGrath v. LaVallee, 348 F.2d 373, 374-75, 377 (2d Cir.1965) (court's statement that if 25-year-old defendant were tried and convicted he might be imprisoned "for the rest of [his] life" and that a plea of guilty might afford him "some opportunity of receiving a shorter sentence" held not improperly coercive), cert. denied, 383 U.S. 952 (1966). The state-court record in the present matter discloses no basis for a finding of coercion.
 
 
 9
 We have considered all of Mauro's arguments on this appeal and have found them to be without merit. The judgment dismissing the petition is affirmed.